948 F.2d 1293
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Samuel MILLER, Defendant-Appellant.
 No. 91-50021.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1991.*
Decided Nov. 22, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 James Samuel Miller was sentenced following a guilty plea to one count of theft of $842 from a stamp vending machine, in violation of 18 U.S.C. § 641, and to one count of causing $582 in damage to the same stamp vending machine during the theft, in violation of 18 U.S.C. § 1361. Miller appeals on the grounds that the trial court judge improperly calculated his sentence. We affirm in part, reverse in part and remand for re-sentencing in accordance with this decision.
 
 I. Factual Background
 
 4
 Miller was charged in a six-count indictment. The six counts arose from three separate break-ins into stamp vending machines between July 14, 1990 and July 21, 1990.[1] Each break-in was the basis for one count of theft of government property for the money stolen from the machine, and one count of damage to government property for the damage Miller caused to the machine when he forced it open.
 
 
 5
 Pursuant to a plea agreement, Miller pled guilty to Counts One and Two of the indictment, which involved one break-in. The government then dismissed the remaining four counts.
 
 
 6
 At sentencing, the district court determined that the three thefts were part of a "common scheme or plan," based on the circumstances and timing. In calculating the offense level under section 1B1.3(a)(2) of the Sentencing Guidelines, the district court applied the losses from all three break-ins, even though the counts arising from two of the break-ins had been dropped pursuant to the plea agreement. Appellant argued that "relevant conduct" does not include offenses for which a defendant has been charged but not convicted.
 
 
 7
 The court also found that stealing money from a given machine was "inextricably related" to the offense of damaging the same machine during the course of the theft. Miller damaged each machine when he pried it open to remove the money. In calculating the offense level under Guidelines § 2B1.1, the district court added the dollar amount of the machine damage to the amount of money taken from the machine because the entry damage could not "logically be separated" from the theft.
 
 
 8
 Appellant contends that the amount of damage and the amount stolen should not be aggregated to determine the offense level. Instead, separate offense levels for property damage and theft should be computed and the offenses should be grouped under Guidelines § 3D1.2(a) (same acts or transaction). Further, "loss" as defined under section 2B1.1 should equal the amount stolen from the machines only, not the amount stolen plus the amount of damage.
 
 
 9
 The court set the base offense level at four and enhanced this by three to reflect the total $3,436 loss, based on all six counts. Defendant timely appealed.
 
 
 10
 II. The four counts which the government agreed to drop should not have been considered in sentencing.
 
 
 11
 Interpretation of the Sentencing Guidelines is a legal issue subject to de novo review. Any factual determination made in the course of applying the Guidelines is reviewed for clear error. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 12
 Appellant argues that the district court should not have considered, as relevant conduct, the four counts which the government agreed to drop. U.S. v. Fine, No. 90-50280, slip op. 13753 (9th Cir. Oct. 1, 1991), sets out the controlling law in this circuit. In U.S. v. Fine, the appellant was charged in a multi-count indictment. In return for appellant's guilty plea regarding one fraudulent transaction, the government agreed to drop the other counts which referred to similar transactions that occurred on different dates. At sentencing, the district court determined that the fraudulent transactions in the dropped counts were "relevant conduct" within the meaning of section 1B1.3(a)(2) for the purpose of computing the base offense level.
 
 
 13
 On appeal, this Court reversed the district court's computation of the base offense level, holding that the district court's reliance on the dismissed charges was impermissible. Fine, supra at 13756-57. "[F]or the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair, it violates the spirit if not the letter of the bargain." U.S. v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1991). In the present case, the district court relied on the four dismissed counts in enhancing the offense level. This reliance is impermissible, based on our holding in Fine; therefore, we reverse the district court's computation of the total offense level.
 
 
 14
 III. The amount of property damage can properly be added to the theft amount in calculating an offense level.
 
 
 15
 Appellant also contends that only the amount stolen should have been considered in computing the offense level for the theft count, and that the district court erred in adding the amount of the machine damage to the theft amount to reach a single offense level. Appellant argues that the district court should have computed two separate offense levels, one for the theft count and one for the property damage count. See Sentencing Guidelines § 3D1.1.[2] The appellant contends that the offenses should then have been grouped under Sentencing Guidelines § 3D1.2(a) rather than under section 3D1.2(d)[3] because the counts involved the same victim (the government) and the same act (the break-in).
 
 
 16
 It is unclear from the record whether the district court properly applied Guidelines § 3D1.1 by grouping the counts under Guidelines section 3D1.2. Even if the district court should have grouped the offenses under section 3D1.2(a) rather than under section 3D1.2(d), the outcome would not differ under Guidelines § 3D1.3.[4] If the counts were grouped according to section 3D1.2(a), the offense level would be the highest offense level of the counts in the Group, each calculated separately. See Sentencing Guidelines § 3D1.3(a). If they were grouped according to section 3D1.2(d), the offense level would be the same because theft and property damage are covered by different guidelines under Chapter Two of the Guidelines.[5] See Id. § 3D1.3(b). Error, if any, was immaterial and harmless beyond a reasonable doubt. See Rose v. Clark, 478 U.S. 570, 577 (1986) (immaterial error is "virtually inevitable").
 
 
 17
 Appellant's final contention that the offense level should have been set at five or six, depending on the resolution of the relevant conduct issue, rests upon the definition of "loss" under Guidelines § 2B1.1. Section 2B1.1 gives the general sentencing guidelines for theft.[6] It covers convictions such as the appellant's which are obtained under 18 U.S.C. § 641. The commentary to this section defines "loss" to be "the value of property taken, damaged, or destroyed." Sentencing Guidelines § 2B1.1 n. 2. Appellant argues that the "or" is exclusive, i.e., that the value of the property damaged and the amount of money stolen cannot be aggregated in calculating the "loss" due to theft. This argument has little merit. The obvious interpretation of the commentary is that the value of property damaged may be added to the value of property taken when both occur during the same theft. See, e.g., United States v. Scroggins, 880 F.2d 1204, 1214-15 (11th Cir.1989) ("loss" as used in the context of Guideline 2B1.1 includes property damage to postage machines in addition to the amount actually taken from machines), cert. denied, 110 S.Ct. 1816 (1990).
 
 IV. Conclusion
 
 18
 In sentencing Miller, the district court should not have considered the four counts that the government agreed to drop pursuant to the plea agreement. The district court properly construed section 2B1.1's reference to "loss" as the sum of the property damage plus the amount actually stolen from the stamp vending machines. The record is unclear as to whether the district court erred in not correctly applying the grouping section. That error, if any, was not material.
 
 
 19
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR RE-SENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided in Circuit Rule 36-3
 
 
 [1]
 Neither the indictment nor the trial record makes clear whether the break-ins occurred at the same post office or at two or three different post offices
 
 
 [2]
 Section 3D1.1(a) states that when a defendant has been convicted of more than one count, the court shall:
 (1) Group the counts resulting in conviction into distinct Groups of Closely-Related Counts ("Groups") by applying the rules specified in § 3D1.2.
 (2) Determine the offense level applicable to each Group by applying the rules specified in § 3D1.3.
 
 
 [3]
 Section 3D1.2 states that:
 All counts involving substantially the same harm shall be grouped together into a single Group. Counts involve substantially the same harm within the meaning of this rule:
 (a) When counts involve the same victim and the same act or transaction.
 * * *
 Offenses covered by the following guidelines are specifically included in this subsection: §§ 2B1.1, ..., 2B1.3,....
 
 
 [4]
 Section 3D1.3 states that the offense level applicable to each group should be determined as follows:
 (a) In the case of counts grouped together pursuant to § 3D1.2(a)-(c), the offense level applicable to a Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group.
 (b) In the case of counts grouped together pursuant to § 3D1.2(d), the offense level applicable to a Group is the offense level corresponding to the aggregated quantity, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three. When the counts involve offenses of the same general type to which different guidelines apply (e.g., theft and fraud), apply the offense guideline that produces the highest offense level."
 
 
 [5]
 Theft is covered by § 2B1.1, property damage by § 2B1.3
 
 
 [6]
 Section 2B1.1 sets the Base Offense Level at 4 and includes level enhancements with maximum 20 level increases for the amount lost, if the loss exceeded $100. The pertinent enhancements are:
 Loss (Apply the Greatest) Increase in Level
 (B) More than $100 add 1
(C) More than $1,000 add 2
(D) More than $2,000 add 3
(E) More than $5,000 add 4